ALL AMERICAN BUILDERS, INC. OF DELAWARE, D/B/A ALL AMERICAN BUILDERS, INC.
v.
STEVE RING CONTRACTORS, LLC, AND TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA
2007 CA 1431
Court of Appeal of Louisiana, First Circuit.
February 8, 2008.
CRAIG L. KASTER, Zachary, La, Counsel for Plaintiff/Appellee all American Builders, Inc. of Delaware, d/b/a all American Builders, Inc.
DAVID J. KREBS, F. VICTOR HASTINGS, ALONA R. CROTEAU, New Orleans, La, Counsel for Defendant/Appellant Travelers Casualty & Surety Company of America.
Before: GAIDRY, McDONALD, and McCLENDON, JJ.
McDONALD, J.
Defendant, Travelers Casualty & Surety Company of America (Travelers), appeals a district court judgment granting the plaintiffs motion for summary judgment. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL HISTORY
All American Builders, Inc. of Delaware, d/b/a All American Builders, Inc. (All American) was a subcontractor on a construction project known as The Creeks on Morrison Road (the project). Steve Ring Contractors, LLC (Ring) was the general contractor, and Travelers provided the payment and performance bond (the bond) to Ring on the project. In November 2005, All American completed its work on the project and submitted its final bills for this work, which totaled $76,368.50; however, Ring failed to pay the amount due. Therefore, in June 2006, All American filed a lien on the project and made demand upon Ring and Travelers for the amount due. In July 2006, Travelers requested documentation in support of the claim. All American responded to this request by filing a petition against Ring and Travelers, seeking the full sum of $76,368.50, plus penalties and attorney's fees.
Travelers filed an answer generally denying the allegations of the petition and setting forth certain affirmative defenses. However, Ring never responded to the petition, and All American ultimately obtained a default judgment against Ring. No appeal has been taken from that judgment.
On December 20, 2006, All American filed a motion for summary judgment against Travelers, seeking a judgment against it for the full sum allegedly due for its work, plus attorney's fees. After a hearing, the trial court granted the motion and rendered judgment against Travelers in the amount of $76,368.50, together with legal interest, attorney's fees, and all costs of the proceedings. It is from this judgment that Travelers has appealed.

SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Duplantis v. Dillard's Dept. Store, XXXX-XXXX, p. 5 (La. App. 1 Cir. 5/9/03), 849 So.2d 675, 679, writ denied, XXXX-XXXX (La. 10/10/03), 855 So.2d 350. An appellate court thus asks the same question as the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Love v. AAA Temporaries, Inc., XXXX-XXXX, p. 3 (La. App. 1 Cir. 5/4/07), 961 So.2d 480, 483.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Love, XXXX-XXXX at p. 4, 961 So.2d at 483. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2).
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial, its burden on the motion does not require it to negate all essential elements of the adverse party's action, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2).

DISCUSSION
As a preliminary matter, we note that All American has filed a motion to supplement the record with its reply brief to Travelers' opposition and the transcript of the hearing on the motion for summary judgment. According to All American, these documents are necessary to demonstrate that it properly objected to Travelers' opposition affidavits on the grounds that they were not timely filed and that they were not based on personal knowledge. Neither the reply brief nor the transcript was attached to this motion.
In connection with this issue, Travelers has filed a motion to file an attachment in support of its brief. With this motion, Travelers seeks to file a facsimile receipt demonstrating that it timely filed its opposition to All American's motion for summary judgment by facsimile on February 23, 2007. The record does not contain any facsimile receipt indicating that the opposition memorandum and affidavits were filed by that method; instead, the opposition is stamped as having been filed on February 26, 2007. Travelers contends that this facsimile receipt is necessary to demonstrate that its opposition was timely filed.
We note that the hearing on the motion for summary judgment was originally scheduled for March 5, 2007. If the hearing had actually taken place on that date, there would have been a question as to whether Travelers' opposition had been timely filed under Rule 9.9(b) of the Rules for Louisiana District Courts.[1] However, the hearing on the motion for summary judgment did not take place until April 2007.[2] Therefore, the specific date of the filing of Travelers' opposition is no longer relevant, as either date would have been timely when considered in light of the actual hearing date. Accordingly, All American's motion to supplement the record and Travelers' motion to file an attachment to its brief are denied.
On appeal, Travelers contends that the trial court erred in granting summary judgment because there were genuine issues of material fact. In support of its motion for summary judgment, All American submitted an affidavit from its CEO and owner, Bobby Bryant. In this affidavit, Mr. Bryant stated that All American was a roofing and framing subcontractor to Ring with regard to the project and that All American was owed $76,386.50 for its work on the project, as reflected on the invoices attached to the affidavit. Mr. Bryant further stated that Travelers had provided the bond to Ring for the project and that demand had been made on Travelers for payment. Finally, Mr. Bryant stated that All American had obtained a default judgment against Ring for the full amount sought. The invoices, the bond, the demand letter, and the default judgment were attached to this affidavit.[3]
In opposition to the motion for summary judgment, Travelers submitted three affidavits. The first affidavit was from James D. Dodds, the architect whose firm designed and supervised the project. According to Mr. Dodds, he inspected the work performed on the project and discovered that the staircases on the project were not built in compliance with the architectural specifications. Mr. Dodds stated that he issued a field report and a memorandum to the owner of the project noting these defects.
The second affidavit was from Cayce Hand, whose company was hired to complete the project. Mr. Hand contended that based on Mr. Dodds' field report, he understood that All American's work on the staircases did not comply with architectural specifications and that the treads and risers must be reworked or replaced. He further estimated that it would cost $35,666.00 to correct All American's work on the staircases.
The final affidavit was from Phillippe Doiron, who was retained by Travelers to investigate the claims against the bond on the project. Mr. Doiron's affidavit essentially reiterated the substance of the other affidavits.
In rebuttal, All American submitted two affidavits, including one from Mr. Bryant. According to this affidavit, All American furnished the labor to install the risers and treads for the stairways on the project; however, Ring provided all of the materials for the work. For the stair treads, Ring furnished "2 x 10s," and the use of these materials resulted in stair treads that were slightly narrower than required. Mr. Bryant states that this information was brought to the attention of Ring's superintendent, who advised All American to use the materials provided. Mr. Bryant further states that during construction, it was discovered that the stairways were too close to the doors, which was "contrary to code." According to Mr. Bryant, after consultation with the project owner's representative, the superintendent "had the risers and stair treads adjusted slightly further in size."
In addition, the affidavit of Ted Poole, an employee of All American, stated that he was involved with the labor furnished by All American on the project. He stated that Ring furnished all of the materials to All American for its work on the project, including the materials for the stairs. Mr. Poole stated that the materials furnished for the stairs were slightly smaller than required and that this fact was called to the attention of Ring's superintendent on the project. According to Mr. Poole, the superintendent directed All American to proceed with construction of the stairs with the materials provided. Mr. Poole further stated that he was present when the superintendent and a representative of the owner were discussing the fact that the stairs were too close to the doors. According to the affidavit, the superintendent and the owner's representative directed All American to further adjust the size of the treads and risers slightly to comply with the code requirements. Finally, Mr. Poole stated that all the materials for construction of the risers and treads, as well as the direction on the size to construct them, came from Ring's superintendent, with the approval of the owner's representative.
After a thorough de novo review of the record, we find no error in the judgment of the trial court. All American's original affidavits demonstrate that it had completed its work on the project and that it had not been paid by Ring. The record further demonstrated that Travelers had provided the bond to Ring on the project. Travelers' opposition affidavits did not dispute All American's contention that it was entitled to payment; rather, the opposition affidavits raised questions about the work's compliance with the architectural specifications. These questions may have been sufficient to raise genuine issues of material fact and preclude the granting of the motion for summary judgment, if not for the rebuttal affidavits submitted by All American.
The rebuttal affidavits assert that All American was responsible only for the labor on the project and that All American did not provide any materials for the project. Furthermore, the affidavits establish that all decisions regarding the materials used and the size of the risers and treads were made by others and that All American was required merely to follow these instructions.
The opposition affidavits previously filed by Travelers do not offer any insight into the scope of All American's work on the project, its obligation to provide materials for the construction, or its authority to make decisions concerning construction. Moreover, although the rebuttal affidavits were filed more than one month before the hearing on the motion for summary judgment, Travelers did not provide any affidavits or other evidence to contradict All American's claims that it had provided only the labor to construct the staircases, and that any decisions regarding the materials and the size of the risers and treads were the responsibility of Ring and representatives of the project's owner. Therefore, these assertions by All American remained uncontroverted.

CONCLUSION
Accordingly, we affirm the judgment of the trial court. All costs of this appeal are assessed to Travelers Casualty & Surety Company of America.
MOTION TO SUPPLEMENT RECORD AND MOTION TO FILE ATTACHMENT DENIED; JUDGMENT AFFIRMED.
NOTES
[1] This rule requires that an opposition memorandum be received by the other party at least eight calendar days before the hearing, unless the court sets a shorter time.
[2] It is unclear from the record exactly when the hearing occurred. The judgment states that the hearing took place on April 2, 2007; however, the minute entry indicates that the hearing occurred on April 4, 2007. In either case, the opposition was received by the court and All American more than eight days prior to the hearing.
[3] Also attached to the motion for summary judgment were Travelers' responses to requests for admissions of fact acknowledging that it had provided the bond on the project and acknowledging its receipt of the demand letter from All American.